**Laney Louis LEACH, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

No. WD 37413.

Missouri Court of Appeals, Western District.

Feb. 11, 1986.

Robert Davis Aulgur, Asst. Atty. Gen., Jefferson City, for appellant.

Robert H. Martin, Independence, for respondent.

Before CLARK, C.J., and TURNAGE and KENNEDY, JJ.

CLARK, Chief Judge.

This is an appeal by the Director of Revenue from the judgment entered by the circuit court in a case brought by Laney Leach to review suspension of his driving license for thirty days pursuant to § 302.-505.1, RSMo.Cum.Supp.1984.[1] The trial court ordered the license reinstated. Appellant contends the trial court erred by relying on a failure of proof as to the

1. Except as otherwise noted all statute citations are to RSMo.Cum.Supp.1984.

content of the arresting officer's report to reverse the license suspension.

The only facts in the case are drawn from the respondent's petition coupled with admissions in appellant's answer. The trial court received no evidence at trial. With this limited record, it can only be said that respondent was arrested on an undisclosed date by a Lee's Summit police officer for an unspecified offense. A breathalyzer test was administered and the license suspension followed a report showing respondent's blood alcohol concentration to have equalled or exceeded .13 percent. On administrative review, the suspension was affirmed and this suit was brought.

As the case came on for trial before the circuit court, respondent's attorney expressed the observation that the court lacked jurisdiction to try his client's suit. He asserted that this jurisdictional infirmity existed because a copy of the arresting officer's report filed with the Department of Revenue as required by § 302.510.1 and furnished to respondent pursuant to a discovery request did not bear a legible notarial seal. The trial judge then apparently examined a document which was neither marked as an exhibit nor offered or received in evidence and, after noting that the document was signed by the arresting officer and verified by the signature of a notary public, stated the copy did not bear "any real convincing evidence that the originals (sic) were, in fact, notarized."

Based upon its conclusion that the copy of what was apparently the arresting officer's report did not confirm the presence on the original of a notary seal impression, the court summarily ruled the case in respondent's favor and ordered his license restored. The formal order recorded later included the finding that failure to prove the officer filed with the Department of Revenue the original verified report prescribed by § 302.510.1 deprived the court of jurisdiction and, in consequence, appellant failed to sustain its burden of proof.

During the course of the proceedings described above, appellant's attorney acknowledged to the court that he did not have in hand the original of the officer's verified report on file with the Department of Revenue, but the officer himself was present and ready to testify. He also suggested that the notary seal impression did not reproduce on the photocopy but some indication of a seal did appear. Appellant's attorney also stated that he had a certification of the report from the Department of Revenue as well as a similarly attested driving record. These potential exhibits were not received and the officer was not permitted to testify.

Quite apart from the court's simultaneous and incongruous findings that the court lacked jurisdiction and therefore appellant had failed to carry its burden of proof, the ruling which sustained respondent's claim of documentary deficiency was in error because it lacks any evidentiary support. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Even were there some validity to the claim that a notary seal impression on the verified report was an essential element of a license suspension, there was no proof the original did not bear such a seal and no opportunity was given appellant to offer evidence countering respondent's unsupported assertion that the seal impression was lacking on the original document.

It is true that the initial burden of proof is on the state to support the license suspension when the cause is tried de novo before the circuit court. Section 302.535.1. The trial court here, however, not only denied appellant any opportunity to offer proof in meeting that burden but also misconceived the function of the verified officer's report in the statutory scheme for license suspension of intoxicated motorists.

The evidence in this case, such as it was, leaves a reliable impression that an arresting officer's report, at least facially in compliance with the statute, was filed by the arresting officer. Respondent's position, accepted by the court, evidently was that strict and literal compliance by the officer with the reporting requirements was a necessary predicate to the state's burden of proof at the de novo trial conducted under

§ 302.535. The trial court's ruling, albeit not supported by any evidence, foreclosed any possibility for the state to prove the facts supporting license suspension under § 302.505, even by testimony from the arresting officer, if the report was deficient.

■ As the opinion in *Collins v. Director of Revenue*, 691 S.W.2d 246, 255 (Mo. banc 1985) indicates and as *Stewart v. Director of Revenue*, 702 S.W.2d 472 (Mo. 1986) reiterates, the files of the Department of Revenue including the verified report suffice to meet the state's burden of proof on administrative review conducted pursuant to § 302.530. If the person aggrieved by the suspension order contests the sufficiency of the state's case at the administrative review level because the verified report is deficient and if the state adduces no other evidence, the deficiency may be fatal to sustention of the suspension. No such deficiency, however, can affect the quality of proof at the de novo trial. There, the state is put to its proof as in any other trial and if there be any contest as to the factual basis for the arrest and the measurement of blood alcohol concentration, witnesses must be presented.

Nothing in §§ 302.500 to 302.540 suggests that the state does not meet its burden of proof under § 302.535 if it presents testimony establishing that the motorist was arrested for a violation of § 577.010 or 577.012, or for a violation of a county or municipal ordinance prohibiting driving while intoxicated or a county or municipal alcohol related traffic offense, that the person's blood alcohol concentration was .13 percent or more and, if the offense was against a county or municipal ordinance, that the police officer was certified pursuant to §§ 590.100 to 590.150, RSMo.1978. Proof of the substance of these requirements by evidence at trial replaces the reporting requirements of § 302.510 which cease to be relevant once the administrative phase of the suspension or revocation proceeding has passed.

■ In this or any other similar case, the court errs if it gives pre-eminence to the form or content of the verified report to the exclusion of testimony. Of course, the report may be utilized as a basis for cross-examination and impeachment, but the report may not be used, as was done here, to preclude the state from presenting evidence from the primary source, the testimony of the arresting officer.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

All concur.