Michael A. **GOODLOE,** Respondent,

v.

**DIRECTOR OF REVENUE,** State of Missouri, **Appellant.**

No. WD 45531.

Missouri Court of Appeals, Western District.

Oct. 13, 1992.

---

William L. Webster, Atty. Gen., Jefferson City, Tracey L. Dano, Special Asst. Atty. Gen., Missouri Dept. of Revenue, Independence, for appellant.

Roxanne J. Pendleton, Kansas City, for respondent.

Before KENNEDY, P.J., and SPINDEN and SMART, JJ.

SMART, Judge.

Michael Goodloe was arrested for driving while intoxicated on February 20, 1991. A chemical analysis of his breath was conducted, resulting in a finding of a blood alcohol content of .17 percent. Goodloe appealed the Director of Revenue's order revoking his driving privileges. The revocation was sustained after an administrative hearing, and Goodloe filed a petition for trial de novo in circuit court pursuant to § 302.535, RSMo 1986. After the hearing, the court found that the Director of Revenue ("Director") had not shown that the test results were reliable and ordered reinstatement of Goodloe's driving privileges. The Director appeals.

The judgment is reversed.

This case presents the issue of whether the trial court correctly received into evidence, over an objection as to lack of foundation, certain reports of the Department of Health related to maintenance of the breathalyzer machine used for the chemical analysis of Goodloe's breath. The reports were accompanied by a document purporting to be an affidavit of the custodian of the records. The trial court relied upon these reports in concluding that the reliability of the breathalyzer machine had not been shown. For the reasons stated below, this court reverses the trial court's order reinstating Goodloe's driving privileges.

At approximately 12:10 a.m. on February 20, 1991, an officer of the Raytown, Missouri, police department observed Goodloe's vehicle traveling at a high rate of speed. As the officer followed, he saw Goodloe's vehicle disobey two red traffic signals and then crash into a fence. As the officer contacted Goodloe, he noticed Goodloe's eyes were watery, glassy, and bloodshot, and his pupils were dilated. Goodloe admitted he had been drinking. An open can of beer was discovered on the floor board on the driver's side. Goodloe's speech was slurred. Goodloe was "swaying in his balance" and "not sure of himself." There was, according to the officer, a moderate odor of alcohol on Goodloe's breath.

Goodloe consented to a breath test to determine the alcohol content of his blood. The testimony of the officer established that the test was administered in accordance with the prescribed regulations. The result of the test was a reading of .17 percent blood alcohol content. There was no objection at the trial to the admission of the test results, but only as to the inclusion in the report of statements allegedly made by Mr. Goodloe (which objection was overruled). Mr. Goodloe, as his only evidence, offered copies of records of the Missouri Department of Health related to the maintenance of the breathalyzer machine in question. Attached to the records was an affidavit signed by the custodian of records of the health department which identified the accompanying documents and described the preparation and maintenance of the records as business records. The Director objected to the introduction of the records on the basis of lack of relevance, and also objected on the basis of lack of foundation. The objections were overruled and the records were received and relied upon by the court in resolving the issues in favor of Goodloe. The Director appeals, contending

that the admission of the records, and the reliance thereon, was prejudicial error.

■ In a case tried without a jury, questions related to admissibility are often of minor import on appeal, since there is a presumption that the trial court did not give weight to incompetent testimony. *Pike v. Pike*, 609 S.W.2d 397, 403 (Mo. banc 1980). Here, it is clear that the court did give weight to the records which were received,[1] because there is no other evidence in the case which in any way draws into question the reliability of the breathalyzer. Therefore, it is necessary for this court to address the admissibility of the records in question.

■ The maintenance records are statements made out of court which are offered to prove the truth of the statements made. As such, the contents of the records are hearsay, and will be excluded unless they fit within an exception to the hearsay rule. One exception to the hearsay rule is codified in Missouri in § 490.680, RSMo 1986:

A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

This section requires the establishment of a "foundation" consisting of testimony by the custodian of the records or "other qualified witness" as to the identity of the records and as to other factors designed to show the reliability of the records. Clearly, the records in this case were not admissible under § 490.680 since no custodian or other qualified witness appeared for the purpose of establishing the necessary foun-

---

**1.** There are two reports dated February 5, 1991. One shows a time of 7:10 p.m. and the other shows no time. The untimed report shows the machine was removed from service for certain deficiencies. The timed report shows certain deficiencies (the same as those mentioned on the untimed report) were addressed, and shows that the machine was then working properly.

The trial judge apparently concluded that since one report was not timed, there was no way to know which report was completed prior to the other. There were no other reports concerning maintenance of the machine between February 5, 1991 and February 20, 1991, the date the test was administered to Goodloe.

dation. Goodloe contends, nevertheless, that the trial court was correct in the admission of the records since they qualified for admission pursuant to § 490.692, RSMo Supp.1991. That section provides:

1. Any records or reproduced copies of records that would be admissible under sections 490.660 to 490.690 shall be admissible in evidence in any court in this state upon the affidavit of the person who would otherwise provide the prerequisites of sections 490.660 to 490.690, that the records attached to the affidavit were kept as required by section 490.680. Such affidavit and records shall be filed with the clerk of the court for inclusion with the papers in the cause in which the records are sought to be used as evidence at least 14 days prior to the day upon which trial of such cause commences.

2. Any party filing business records with the clerk of the court pursuant to this section shall give notice to all other parties to the cause of action by making available for copying copies of the business records and affidavit at least fourteen days prior to the day upon which trial of the cause commences.

This statute provides a practical way to avoid the necessity of a personal appearance by a records custodian, as mandated by § 490.680. The statute, however, includes certain provisions designed as safeguards to ensure that opposing attorneys are given an opportunity to review the records ahead of trial. In this case, the record does not show that the records and affidavit were timely filed with the clerk of the court in accordance with the statute. Further, the record does not show that Goodloe gave notice to the Director of Revenue and made copies of the records available to opposing counsel at least 14 days prior to trial.[2] Goodloe does not deny the lack of compliance with the statute, but contends that the Director was not prejudiced by such omission.

Goodloe also contends that no objection was made at trial concerning failure to comply with § 490.692, and therefore the objection was not preserved for appeal. This court disagrees. An objection was made as to the lack of foundation for admission of the records. In effect, the Director was objecting to admission of the records on the ground that they violated the hearsay rule. Thus, the issue of admissibility has been preserved for purposes of appeal. The issue is not whether the failure to comply with the notice provisions of § 490.692 caused prejudice. Rather, the question is simply whether the statutory conditions of admissibility were observed by the proponent of the records. The answer is that the conditions were not observed, and it was error for the trial judge to receive and rely upon the records in question. The records, as hearsay documents to which proper objection was made, are legally incompetent as evidence unless properly admitted under a recognized exception to the hearsay rule. The business record exception was not complied with in this case. Accordingly, the judgment of the trial court is not supported by substantial evidence. The judgment is reversed and the case is remanded with instructions that the trial court enter an order affirming the Director's order revoking respondent's driving privileges.

All concur.

---

**2.** On July 9, 1992, the Governor of Missouri signed into law S.B. 446, which repeals § 490.-692 and replaces it with a new statute which eliminates the requirement that the records be filed before trial, and requires that copies of the records and affidavit be served on all parties at least seven days before trial. The new law was not effective at the date of this trial. In any event, the record does not indicate that copies were served on opposing counsel as required by the new law.