Peter Bruce LAWRENCE, Petitioner–Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Respondent–Appellant.

No. 63928.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 12, 1993.

accident. A breath analysis test revealed that he had a blood alcohol content of .147%. Petitioner received notice that his driving privileges would be suspended for thirty days pursuant to §§ 302.500–302.540, RSMo (Cum.Supp.1992). He then requested an administrative hearing, after which the proposed suspension was upheld, and his driving privileges were suspended. Thereafter petitioner filed a petition for trial de novo in circuit court. Subsequently, he served a request for admissions[1] and other discovery motions on Director. Request # 10 stated, "Admit that the Missouri Department of Revenue did not receive a verified report pertaining to this incident from the arresting officer." Director did not respond to the request for admission # 10, but did provide a copy of the verified report in response to petitioner's motion for production of documents and interrogatories.

Petitioner filed a motion for summary judgment claiming that because Director failed to deny the request for admission, it was deemed admitted and therefore there was no basis for the administrative hearing officer to find in favor of Director. The trial court granted the motion and ordered the suspension of petitioner's license cancelled.

■ Director's only claim on appeal is that the grant of summary judgment was improper because a verified report is irrelevant in a trial de novo. In an administrative review conducted pursuant to § 302.530 RSMo 1986, a verified report is essential to meet the state's burden of proof. However, a verified report is not necessary, as in this case, in a trial de novo conducted pursuant to § 302.535 RSMo 1986. "Nothing in §§ 302.-500 to 302.540 suggests that the state does not meet its burden of proof under § 302.535 if it presents testimony establishing that the motorist was arrested for a violation of § 577.010 or 577.012, or for a violation of a county or municipal ordinance prohibiting driving while intoxicated or a county or municipal alcohol related traffic offense, that the person's blood alcohol concentration was .13

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Missouri Dept. of Revenue, Jefferson City, for plaintiffs-appellants.

Leo N. Griffard, Jr., Sindel & Sindel, Clayton, for defendants-respondents.

CRANDALL, Presiding Judge.

The Director of Revenue, State of Missouri (Director), appeals from the grant of summary judgment in favor of petitioner, Peter Bruce Lawrence. Petitioner's pleading sought de novo review of Director's suspension of his driving privileges. We reverse and remand.

Petitioner was charged with driving while intoxicated after he was involved in a car

---

1. A request for admissions serves the purpose of narrowing the relevant issues at trial. The matter is admitted unless within 20 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter. Rule 59.-01(a).

percent or more...." *Leach v. Director Of Revenue*, 705 S.W.2d 125, 127 (Mo.App.1986). Proof of these requirements by evidence at trial replaces the reporting requirements of § 302.510 RSMo (Cum.Supp.1992), which cease to be relevant once the administrative phase of the suspension or revocation proceeding has passed as in this case. *Id.*

Here, the trial court granted summary judgment because of Director's "admission" that no verified report had been filed in the administrative hearing. Whether the hearing officer had the verified report is not a "genuine issue as to any material fact" which would entitle petitioner to summary judgment. *See* Rule 74.04(c). In fact, the verified report is irrelevant. In a de novo proceeding, the trial court tries the matter anew; it does not review the sufficiency of the evidence at the administrative hearing. The contents of the verified report can be presented through testimony. Of course, the report may be used as a basis for cross-examination or impeachment, but it may not be used to preclude the state from presenting evidence from the primary source, the testimony of the arresting officer. *See Leach v. Director of Revenue*, 705 S.W.2d 125 (Mo. App.1986). Director's point is granted.

The judgment of the trial court is reversed and the cause is remanded.

REINHARD and CRIST, JJ., concur.