**Jimmie HENSLEY,**
**Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Defendant/Appellant.**

No. 65479.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 4, 1994.

**420**

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Ralph A. Dobberstein, St. Louis, for respondent.

REINHARD, Presiding Judge.

The Director of Revenue (Director) appeals the circuit court's judgment ordering the Director to reinstate petitioner's driving privileges (if eligible) after they had been suspended under the administrative suspension provisions of §§ 302.500–302.541, (RSMo 1986 & Supp.1993).[1] Petitioner's suspension was sustained after an administrative hearing and petitioner sought a trial *de novo* in the circuit court pursuant to § 302.535. After the trial *de novo,* the court entered judgment in favor of petitioner. We reverse and remand.

The trial *de novo* was held on January 6, 1994. There, the Director attempted to have her Exhibit A admitted into evidence as a business record. *See* § 490.680. Exhibit A contained, *inter alia,* the breathalyzer printout, the breathalyzer maintenance report, the Alcohol Influence Report, and the police report of the arresting officer. The Director attempted to establish the exhibit's foundation as a business record through the notarized affidavit of Doris Mae Brady (custodian of records for the Department of Revenue–DWI Division), *see* § 490.692, RSMo Supp. 1993, also contained in Exhibit A. Petitioner objected to the exhibit on the ground that admitting the exhibit into evidence would violate his right to confront and cross-examine the arresting officer. The court sustained the objection on that ground, and subsequently entered judgment in favor of petitioner due to the Director's failure to move forward with the evidence.

▮ We agree with the Director that the exhibit was erroneously excluded. The business records act constitutes an exception to the hearsay rule. *See, Goodloe v. Director of Revenue,* 838 S.W.2d 506, 508 (Mo.App. W.D.1992). When evidence is admissible under any recognized exception to the hearsay rule, then an objection based on the lack of an opportunity to confront or cross-examine is not valid. *State v. Pieron,* 755 S.W.2d 303, 307 (Mo.App.1988); *Osborne v. Purdome,* 250 S.W.2d 159, 163 (Mo. banc 1952).

The judgment of the circuit court is reversed and the cause remanded.

GARY M. GAERTNER and CRAHAN, JJ., concur.

---

1. All statutory citations are RSMo 1986, unless otherwise noted.