**Sally Ann CANNON, Petitioner/Appellant,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Respondent.**

No. 65776.

Missouri Court of Appeals,
Eastern District,
Division One.

March 21, 1995.

Frank Carretero, Leonard P. Cervantes, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

CRAHAN, Judge.

Sally Ann Cannon ("Petitioner") appeals the circuit court's judgment following a trial de novo sustaining the Director of Revenue's ("Director") suspension of Petitioner's driving privileges for driving while intoxicated. We affirm.

Petitioner was observed following another vehicle too closely on Manchester Road at approximately 12:58 a.m. on the morning of April 3, 1992. She was stopped by Officer Robert Petersen who detected a strong odor of intoxicants on her breath and noted that her coordination was highly impaired. Petitioner informed Officer Petersen that she had consumed two glasses of wine prior to being stopped. Petitioner was given field sobriety tests, which she failed. At 1:06 a.m., Petitioner was arrested and transported to the Glendale Police Department.

Petitioner consented to a breath analysis test at 1:16 a.m. The test was performed by

Operator P. Chee utilizing an Intoximeter 3000. On the Blood Alcohol Test Report completed by Chee, he certified that he was authorized to operate the instrument, indicated his permit number, and stated that there was no deviation from any of the procedures approved by the Department of Health. A printout of the chemical test results attached to the report indicated that the test was administered at 1:35 a.m., and that Petitioner's blood alcohol content was .286%.

Petitioner's driving privileges were suspended by the Director and the suspension was upheld after an administrative hearing. Petitioner then filed a petition for a trial de novo in the circuit court pursuant to § 302.535 RSMo 1986.[1]

At the February 9, 1994 hearing on the petition, Director's attorney informed the court that both the arresting officer and the breathalyzer machine operator were on "indeterminate" injury leave and that she wished to submit her case on the record. To that end, Director offered into evidence as business records the chemical test result printout, the maintenance report of the breathalyzer machine, and the reports of the arresting officer and the chemical test operator. These documents were accompanied by the notarized affidavits of the custodian of records of the Glendale Police Department and the custodian of records of the Department of Revenue—DWI Division, which identified the documents and described their preparation and maintenance. Director also submitted a certified copy of the City of Glendale ordinance prohibiting driving while intoxicated.

The foregoing records were received into evidence over Petitioner's objections. Petitioner offered no testimony or other evidence of her own to contradict the information contained within the records. At the conclusion of the hearing, the trial court found that Petitioner was arrested upon probable cause to believe that she was operating a motor vehicle while intoxicated and that at the time of the stop Petitioner had a blood alcohol concentration by weight of .10 or more. Accordingly, the Director's order suspending

---

**1.** All statutory citations are to RSMo 1986 unless     otherwise noted.

Petitioner's driving privileges was sustained. This appeal followed.

The *circuit court's judgment is re*viewed according to the standards prescribed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment will be affirmed unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the court erroneously declares or misapplies the law. *Kimber v. Director of Revenue*, 817 S.W.2d 627, 629 (Mo.App.1991).

On appeal, Petitioner first contends the trial court erred in admitting the maintenance report of the breathalyzer machine, the chemical test printout, and the reports of the arresting officer and the chemical test operator into evidence because direct testimony was needed to establish a proper foundation for their admission. In support of this argument, Petitioner cites *Hadlock v. Director of Revenue*, 860 S.W.2d 335 (Mo. banc 1993), which held that, notwithstanding certification by the proper custodian, documents from the Director's files were inadmissible as evidence without additional testimony establishing a proper foundation for their admission.

Petitioner's reliance on *Hadlock* in the present case, however, is misplaced. In *Hadlock*, Director sought admission of similar documents into evidence pursuant to § 302.312 RSMo Supp.1992, as copies of documents lawfully filed with the Department of Revenue and certified by the custodian of records. The court analyzed the language of that statute and held that it simply alleviated the need for the original documents which would otherwise be required under the best evidence rule. *Id.* at 338. It stated that the statute left the copies subject to the same foundation objections as would be their originals: relevancy, authentication and hearsay. *Id.* at 337. Thus, because no additional foundational testimony was offered by the Director, the documents were not properly admitted.

**2.** Director also relied on footnote six of the *Hadlock* opinion which intimated that the same documents may have been properly admitted if of-

In the present case, however, Director did not rely upon § 302.312, but rather sought admission of the records pursuant to § 490.680 and § 490.692 RSMo Cum.Supp. 1993.[2] Section 490.680 provides:

A *record of an act, condition or event, shall, insofar as relevant, be competent evidence* if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission. (Emphasis added).

Thus, § 490.680 is a statutory exception to the hearsay rule and, upon qualification, allows admission of business records for the truth of the matter asserted. *See Spies v. Director of Revenue*, 854 S.W.2d 66, 67 (Mo. App.1993).

Petitioner is correct in asserting that § 490.680 requires the establishment of a "foundation" consisting of testimony by the custodian of the records or "other qualified witness" as to the identity of the records and as to other factors designed to show the reliability of the records. *Goodloe v. Director of Revenue*, 838 S.W.2d 506, 508 (Mo. App.1992). However, § 490.692 expands upon this requirement and permits the requisite foundation to be laid by affidavit rather than direct testimony. This section provides:

1. Any records or reproduced copies of records that would be admissible under sections 490.660 to 490.690, *shall be admissible as a business record,* subject to other substantive or procedural objections, in any court in this state *upon the affidavit of the person who would otherwise provide the prerequisites of sections 490.660 to 490.690, that the records attached to the affidavit were kept as required by section 490.680.* (Emphasis added).

2. No party shall be permitted to offer such business records into evidence pursuant to this section unless all other parties to the action have been served with copies

fered as business records in compliance with the applicable statutory provisions.

of such records and such affidavit at least seven days prior to the day upon which trial of the cause commences.[3]

Thus, § 490.692 provides a practical way to avoid the necessity of a personal appearance by a records custodian, as mandated by § 490.680. *Goodloe*, 838 S.W.2d at 509. Upon compliance with both sections, business records may be admitted into evidence without any additional direct testimony.

In the present case, the affidavits of the custodians of records of the Glendale Police Department and the Department of Revenue were submitted in lieu of direct testimony to establish the requisite foundation. This was permissible under the above-referenced statutes. Although Petitioner alleged certain defects may have existed in the underlying testing procedures, she made no objection to the sufficiency of the information contained within the affidavits themselves establishing the documents as business records. Thus, the circuit court correctly applied the law in holding that no further direct testimony was needed and in finding that Director had laid a proper foundation for the admittance of the records into evidence.

■ Similarly, the court did not err in admitting into evidence without additional direct testimony the certified copy of the City of Glendale ordinance prohibiting driving while intoxicated. Section 490.240 provides, in pertinent part:

Printed copies of the ordinances ... of any city or incorporated town in this state, purporting to be published by authority of such city or incorporated town, and manuscript or printed copies of such ordinances ... certified under the hand of the officer having the same in lawful custody, with the seal of such city or town annexed, *shall be received as evidence in all courts and places in this state, without further proof;*
...

Thus, under the express wording of the statute, Director had the option of introducing into evidence a printed or a manuscript certified copy of the ordinance *without more.*

See *City of Kansas City v. Mullen*, 690 S.W.2d 421, 423 (Mo.App.1985). As the ordinance was accompanied by a proper attesting affidavit, no additional direct testimony was needed to establish a foundation for its admission. Furthermore, contrary to Petitioner's assertions, this statute is not contingent upon the notice requirements of § 490.692.2 being met. Thus, the court did not err in admitting the ordinance into evidence.

■ Petitioner argues, however, that the copy of the ordinance may not have been the proper one in effect at the time of the trial because the accompanying affidavit was signed in 1989 and not in 1992, the time of the arrest. However, once the ordinance was admitted into evidence, it constituted prima facie evidence of the existence and the provisions of the ordinance. *Id.* at 423. The burden of proof to show improper certification then shifted to Petitioner at trial. *Id.* at 424. As she adduced no evidence or testimony to contest the validity of the ordinance but merely asserted by way of objection the mere *possibility* of its invalidity, we cannot say she met her burden. Thus, the court did not abuse its discretion in admitting the ordinance into evidence.

Nevertheless, Petitioner argues that the court erred by allowing the case to be submitted solely on the records because 1) she was thus denied the opportunity to cross-examine the preparers as to the alleged deficiencies in the arrest and breathalyzer machine testing procedures; 2) this procedure contradicts the intent of § 490.692.1; and 3) *Hadlock* rejected the notion of submitting a case simply on the records alone. We disagree with each contention.

■ First, it is a well-established rule that when evidence is admissible under any recognized exception to the hearsay rule, an objection based on lack of an opportunity to confront or cross-examine is not valid. *Hensley v. Director of Revenue*, 884 S.W.2d 419, 420 (Mo.App.1994); *Osborne v. Purdome*, 250 S.W.2d 159, 163 (Mo. banc 1952). As always, Petitioner remained free to subpoena the witnesses herself to compel their

---

**3.** On appeal, Petitioner does not dispute Director's compliance with the notice provision of § 490.692.2.

testimony or to present other evidence of her own to contradict the information contained within the records. In this case, Petitioner presented no evidence to dispute the information beyond bare allegations by her counsel. As such, the records speak for themselves, *Lazzari v. Director of Revenue*, 851 S.W.2d 68, 69–70 (Mo.App.1993), and the court was free to believe the written evidence in the documents. *Cloyd v. Cloyd*, 564 S.W.2d 337, 343 (Mo.App.1978).

Furthermore, allowing Director to submit her case on the records alone does not violate the intent or nullify the provisions of § 490.692.1 which leaves business records "subject to other substantive or procedural objections." Contrary to Petitioner's assertions, she was still free to make certain objections, if they were warranted. For example, a document must still be relevant to an issue in the case before it may be received into evidence. The substantive requirements of § 490.680 must still be met. The notice provisions of § 490.692.2 must still be satisfied. Thus, submission of a case in this manner is not an automatic right. The admissibility of business records remains a discretionary determination of the trustworthiness of the records. *Collet v. American Nat. Stores, Inc.*, 708 S.W.2d 273, 277 (Mo.App. 1986).

Finally, contrary to Petitioner's assertion, *Hadlock* did not expressly prohibit Director from submitting her case on the record. The court did, however, take note of the risks presented by such strategy. The court noted that by relying solely on the records themselves Director would be unable to explain any discrepancies that may exist within them. *Hadlock*, 860 S.W.2d at 338. Further, if Petitioner presented evidence contradicting the records in any way, Director might be unable to rehabilitate her "witnesses." Thus, the mere fact that the records are admitted as the exclusive evidence in the case does not conclusively establish the validity of the license suspension, nor would it automatically warrant a reversal of a court's decision to reverse a license suspension. *See Klamm v. Director of Revenue*, 863 S.W.2d 661, 663 (Mo.App.1993).

Finally, Director retains the initial burden of proof to support the license suspension when the cause is tried de novo before the circuit court. *Leach v. Director of Revenue*, 705 S.W.2d 125, 126 (Mo.App.1986). Therefore, if the court finds that one of the requisite elements has not been proven by the records themselves, Director has failed to meet her burden and the suspension will be reversed. *Buckley v. Director of Revenue*, 864 S.W.2d 394, 395 (Mo.App.1993). Accordingly, while these concerns do not expressly prohibit Director from submitting a case solely on the record, they do indicate that caution should be exercised when proceeding in such a manner.

The judgment of the circuit court is affirmed.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.