DOWD, P.J., and GARY M. GAERTNER, J., concur.

---

**Gary L. THEBEAU, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. 70997.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 27, 1997.

Julie Hosmer, Jefferson City, for appellant.

John T. Sluggett, II, Schumaier Associates, Clayton, for respondent.

Before DOWD, P.J., and REINHARD and GARY M. GAERTNER, JJ.

PER CURIAM

Appellant, the Director of Revenue ("Director"), appeals the judgment of the Circuit Court of St. Louis County setting aside Director's suspension of respondent's, Gary L. Thebeau's ("driver's"), driving privileges. Reversed and remanded.

On March 6, 1996, following his arrest for driving while intoxicated, driver's driving privileges were suspended pursuant to RSMo

§ 302.505.1,[1] which provides for the revocation or suspension of a driver's license if the driver was arrested upon probable cause to believe he or she was driving with a blood alcohol content ("BAC") of .10 or greater. The suspension was upheld after an administrative hearing, and driver petitioned for a trial *de novo*. Trial was held July 25, 1996.

At trial, the prosecutor offered Exhibit B, which consisted of records from the Department of Revenue concerning driver's arrest for driving while intoxicated, including the arresting officer's reports from March 6, 1996. Exhibit B was accompanied by a signed and notarized affidavit of the custodian of records for the Department of Revenue, which stated that the attached records were kept in the regular course of the department's business. Also accompanying the exhibit was a certificate of service certifying that copies of the foregoing had been mailed to driver's counsel on June 14, 1996.

Driver objected to the admission of Exhibit B, claiming he was denied the rights of confrontation and cross-examination with respect to the arresting officer, who was not present at the trial. The trial court agreed, telling the prosecutor, "I'm a little skeptical about you not having anybody here to testify on behalf of the State." The court sustained driver's objection to Exhibit B and it was not admitted into evidence.

The remainder of the evidence adduced at the trial consisted of the testimony of Dan Burford, the officer who ran the breath analysis ("breathalyzer") test on driver on March 6, 1996; Exhibit C, records from the St. Louis Intake Center, including the maintenance report for the breathalyzer machine; Exhibit D, the operational checklist filled out by Burford after he ran the breathalyzer test on driver; and Exhibit E, the printout from the March 6, 1996, breathalyzer test, which showed driver's BAC to have been .165 percent. Exhibits C, D and E were admitted into evidence. Driver offered no evidence on his own behalf.

At the close of trial, the trial court ruled in driver's favor: "Relief granted, due to reasons stated as to the failure of the arresting officer [sic] testimony...." That same day, the court entered a written judgment setting aside the suspension and reinstating driver's driving privileges, stating therein, "Failed to produce evidence as to arrest and probable cause." Director's appeal followed.

■ For her sole point on appeal, Director contends the trial court erred in refusing to allow into evidence Exhibit B, as a proper foundation had been laid for the admission of the exhibit's records as business records. We agree.

RSMo § 490.680 provides a statutory exception to the hearsay rule, allowing for the admission of business records for the truth of the matter asserted if the custodian or other qualified witness testifies to the records' identity and mode of preparation. RSMo § 490.692.1 permits the requisite foundation for the admission of business records to be laid by affidavit rather than by direct testimony. The affidavit must be substantially in the form and content of the affidavit set forth in the statute, and the affidavit and records must have been served on the opposing party at least seven days prior to the commencement of trial. RSMo §§ 490.692.2 and .3.

Here, the affidavit which accompanied Exhibit B mirrored the affidavit set forth in RSMo § 490.692.3. Further, nothing in the record suggests driver was not served copies of the affidavit and constituent records of Exhibit B, nor did driver object to the exhibit on this ground; in fact, the record on appeal shows the affidavit and records were mailed to driver's counsel over a month prior to the date of trial. Director laid a sufficient foundation for the admission of Exhibit B under the business record exception. *See Misuraca v. Director of Revenue*, 896 S.W.2d 719, 721 (Mo.App. E.D.1995).

■ Driver's objection to the admission of Exhibit B was predicated upon his inability to confront and cross-examine the officer who filled out the arrest reports included in the exhibit. We have rejected this argument in prior decisions. If the record is admissible under the business record exception to the hearsay rule—as Exhibit B was here—"then

---

1. All statutory references are to RSMo 1994.

an objection based on the lack of an opportunity to confront or cross-examine is not valid." *Hensley v. Director of Revenue*, 884 S.W.2d 419, 420 (Mo.App. E.D.1994). *See also Cannon v. Director of Revenue, State*, 895 S.W.2d 302, 305–306 (Mo.App. E.D.1995). The trial court erred in sustaining driver's objection to Exhibit B.

In its judgment, the trial court held that Director "[f]ailed to produce evidence as to arrest and probable cause." However, the arresting officer's reports, included in Exhibit B, constituted sufficient evidence of both. This evidence was uncontradicted; driver presented no evidence of his own, and we find no discrepancies in Director's evidence. After reviewing the evidence adduced at trial and presented in the record on appeal, we find Director met her burden of showing, by a preponderance of the evidence, that the arresting officer had probable cause to arrest driver for driving while intoxicated on March 6, 1996, and that driver's BAC was at least .10 percent at the time of his arrest. *See Tebow v. Director of Revenue*, 921 S.W.2d 110, 113 (Mo.App. W.D.1996).

Accordingly, the judgment of the trial court is reversed and cause is remanded with instructions to reinstate the suspension of driver's driving privileges.