**Paul RIGGIN, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 23307.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 29, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for Appellant.

Daniel D. Whitworth, Douglas A. Parker, Myers, Taylor & Whitworth, P.C., Webb City, for Respondent.

ROBERT S. BARNEY, Chief Judge.

The Director of Revenue ("Director") appeals from a judgment entered by the Circuit Court of Jasper County reinstating the driving privileges of Respondent Paul Riggin ("Driver") after a bench trial on

Driver's petition for trial de novo, filed pursuant to section 302.535.[1]

Review of the trial court's judgment is pursuant to *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *See Hackmann v. Director of Revenue*, 991 S.W.2d 751, 752 (Mo.App.1999). We must affirm the trial court's judgment if it has substantial evidentiary support, it is not against the weight of the evidence, and does not erroneously declare or apply the law. *McDaniel v. Lohman*, 989 S.W.2d 688, 689 (Mo. App.1999).

In his sole point of trial court error, Director contends that in reinstating the driving privileges of Driver, the trial court misinterpreted and misapplied the law because its decision was against the weight of the evidence in that the arresting officer had probable cause to arrest Driver for driving while intoxicated and Driver's blood alcohol content was at least .10% by weight.

At trial, Director presented no live witnesses. Instead, Director offered three exhibits, A, B and C, each certified by the Custodian of Records of the Driver's License Bureau, Missouri Department of Revenue. Driver's attorney objected to Exhibit A and Exhibit B on the basis that "we do not have right to confront—." No objection was made as to Exhibit C. The trial court received all three exhibits into evidence, together with Exhibit D, the "DWI ordinance of Joplin," to which there was no objection.[2] Also, without objection,

at Director's request the trial court took judicial notice of 11 CSR 75 (setting out training procedures for police officers) and 19 CSR 25–30 (governing the use of breath analysis instruments). Driver did not testify; nor did he present any other evidence.

In his brief, Driver counters Director's argument by asserting that since the trial court gave no reason for its judgment reinstating the driving privileges of Driver, it must have determined, on further reflection, that there was no properly admitted evidence before it from which it could have ruled in favor of Director. Driver contends that the admissions of Exhibits A, B and C were governed by the provisions of sections 490.660–690, RSMo 1994 ("The Uniform Business Records as Evidence Law"), and 490.692, RSMo 1994, and that Director had not laid the appropriate foundation for their receipt into evidence. Furthermore, Driver asserts that Officer Collard had no probable cause to arrest Driver on the evening in question and, therefore, Director could not make his statutory case for revocation of Driver's driving privileges.

 "In reviewing a revocation or suspension under section 302.505 the trial court must determine the following: (1) whether the driver was arrested upon probable cause for violating an alcohol-related offense; and (2) whether the driver had been driving with a blood alcohol

---

1. All statutory references are to RSMo Cum. Supp.1998, unless otherwise noted.

2. Exhibit A consisted of a Class B certification of arresting officer, James C. Collard, per "sections 590.100—to 590.180;" an Alcohol Influence Report (form 2389) signed and certified by Officer Collard, relating to the particulars of the arrest of Driver in the early morning hours of 12/13/98 and setting out that Driver was duly administered a breath analysis by use of a "Datamaster" machine, which showed a blood alcohol content of .125%. Also contained in Exhibit A was a "Permit Type III", showing, *inter alia*, that James C. Collard was authorized to operate a Data Master breath analyzer. Additionally, the ex-

hibit contained a "Crimes Management System Arrest Report" relating to Driver.

Exhibit B consisted of the "Missouri Driver Record" of Driver and Exhibit C consisted of a "Datamaster Maintenance Report" showing an inspection by Dennis DeWayne Garrison and dated "11/24/1998." Also contained within Exhibit C was a copy of a "Permit Type II" showing that Mr. Garrison was authorized, *inter alia*, to "inspect, calibrate, [and] perform field repairs" on Data Master breath analyzers. Additionally, Exhibit C set out a "Certificate of Analysis" reflecting a "Certified Alcohol Reference Solution for Simulator" and signed by an officer of Guth Laboratories, Inc.

content of at least .10% by weight." *McDaniel*, 989 S.W.2d at 689. "When the Director makes a prima facie case, the burden then shifts to the driver to rebut the prima facie case by a preponderance of the evidence." *Guccione v. Director of Revenue*, 988 S.W.2d 649, 652 (Mo.App. 1999). Section 302.535 does not require that the Director produce live witnesses in proving his case. *See McDaniel*, 989 S.W.2d at 691 (relating to evidence submitted under §§ 490.660–690, RSMo 1994; 490.692, RSMo 1994); *Tebow v. Director of Revenue*, 921 S.W.2d 110, 113 (Mo.App. 1996).[3] "The language of Section 302.312 ... is clear and unambiguous. Copies of documents from the department of revenue are admissible as evidence so long as the copies are properly certified." *Mills v. Director of Revenue*, 964 S.W.2d 873, 875 (Mo.App.1998); *accord Coleman v. Director of Revenue*, 970 S.W.2d 394, 396–97 (Mo.App.1998); *Hackmann*, 991 S.W.2d at 753.

■ While we give great deference to the trial judge's determination regarding the credibility of witnesses, in a case submitted solely upon a written record no such deference is warranted. *Director of Revenue v. Christman*, 968 S.W.2d 737, 739 (Mo.App.1998).

■ We initially determine that instead of being admissible under the Uniform Business Records as Evidence Law (§ 490.660, et seq.), Exhibits A, B and C were admissible at trial because "copies of documents from the Department of Revenue are admissible as evidence if the copies are properly certified by the appropriate custodian or the ·Director." *Hackmann*, 991 S.W.2d at 753; *see* § 302.312.1.[4] These exhibits also show that in the early morning hours of De-

cember 13, 1998, outside a club in Joplin, Missouri, Officer Collard attempted to approach Driver as he entered into his automobile. Despite the officer's waving of his hands and shining of his flashlight, Driver drove away. When stopped, Driver had a strong odor of alcohol about him. Driver admitted to having consumed four or five drinks. Driver failed three field sobriety tests, i.e., the "walk-and-turn" test; the "one-leg stand" test and the "Horizontal Gaze Nystagmus" test. Driver also tested positive for alcohol in a portable breath test given him at the arrest site.

■ Whether Officer Collard had probable cause to stop Driver in the first instance is of little moment. The Supreme Court of Missouri has previously stated that "specific probable cause to arrest for an alcohol related traffic violation and in turn to support an *administrative* license suspension may be developed after a motorist is otherwise properly stopped." *Aron v. Director of Revenue*, 737 S.W.2d 718, 719 (Mo. banc 1987) (emphasis added). It is now clear from our reading of *Riche v. Director of Revenue*, 987 S.W.2d 331, 335–36 (Mo. banc 1999), that for purposes of section 302.505 proceedings there is no requirement that the arresting officer have probable cause to *initially* stop Driver.

■ Here, Director has made a prima facie case that Driver was arrested upon probable cause for violating an alcohol-related offense and that Director established a prima facie foundation for the admission into evidence of a breathalyzer test showing that Driver was operating a motor vehicle with a blood alcohol content of at least .10% by weight. *See Rogers v. Director of Revenue*, 947 S.W.2d 475, 477 (Mo.App.1997); *see also McDaniel*, 989

---

**3.** "While caution should be exercised when a suspension case is submitted on the records alone, it is not prohibited." *Tebow*, 921 S.W.2d at 113.

**4.** "Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue or the bureau of

vital records of the department of health and copies of any records, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state and in all administrative proceedings." § 302.312.1.

S.W.2d at 692. Under the facts of this case, the trial court erred as a matter of law in determining that Director failed to prove his case. The judgment is not supported by the evidence and is against the weight of the evidence.

The judgment of the trial court is reversed. The case is remanded to the trial court with directions to reinstate Director's revocation of the driving privileges of Paul Riggin.

CROW, J., CONCURS.

GARRISON, J., CONCURS.