Matthew W. McCOY, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. 24446.

Missouri Court of Appeals,
Southern District,
Division One.

April 15, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joel A. Block, Asst. Atty. Gen., Jefferson City, for appellant.

No appearance for respondent.

### KERRY L. MONTGOMERY, Judge.

The Director of Revenue (Director) appeals from a judgment reinstating the driving privileges of Matthew W. McCoy (Driver) after a bench trial on Driver's petition for trial de novo under § 302.535.[1]

■ The standard of appellate review set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), applies to review of a judgment upon trial de novo in a proceeding under § 302.535. *House v. Director of Revenue*, 997 S.W.2d 135, 138 (Mo.App.1999). Thus, this Court will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.*

Director's sole point contends the trial court erred in reinstating Driver's license because the decision was against the weight of the evidence in that the evidence established that Driver was arrested upon probable cause that he was driving while intoxicated and he was driving with a blood alcohol content of .10% or greater.

At trial, Director presented no live witnesses. Instead, Director offered the Department of Revenue business records concerning the arrest of Driver and the results of his breath test. These records were admitted into evidence without objection. Driver presented no evidence at trial.[2]

The facts submitted in the Department of Revenue records indicate that after an altercation with his girlfriend, Driver began driving westbound from the victim's house in a blue Jeep. A Dexter, Missouri, police officer located the fleeing Jeep and pursued the vehicle. Driver failed to stop at a stop sign, pulled into a parking lot, parked his vehicle and started running away. After a foot chase, Driver was apprehended. The arresting officer noted that Driver smelled of intoxicants, "his eyes were bloodshot and his speech was slurred." Officer Noisworthy, the investigating officer, asked Driver how much he had to drink. Driver said, "A couple." Eventually, Driver was transported to the Dexter Police Station where field sobriety tests were administered. Driver failed all such tests. Driver also submitted to a chemical test of his breath which determined that his blood alcohol content was .102% by weight.

Based on these facts, the Director suspended Driver's driving privileges. Driver later filed a petition for trial de novo. After a hearing, the trial court entered a judgment setting aside Driver's suspension. The judgment does not contain findings of fact.

Section 302.505.1 provides that:

The department shall suspend or revoke the license of any person upon its determination that the person was arrested

---

1. Statutory references are to RSMo 2000 unless otherwise indicated.

2. Driver has filed no brief in this Court. Failure of a respondent to file a brief is an imposition on this Court and leaves us dependent upon Director's presentation and our own research. No statute or rule requires Driver to file a brief. Therefore, we will proceed to determine the case on its merits. *See Massey v. Todd*, 962 S.W.2d 949, 950 n. 2 (Mo.App. 1998).

upon probable cause to believe such person was driving a motor vehicle while the alcohol concentration in the person's blood, breath, or urine was ten-hundredths of one percent or more by weight, based on the definition of alcohol concentration in section 302.500.

■ For driving privileges to be suspended under this statute, the Director must show, by a preponderance of the evidence, that (1) the driver was arrested on probable cause that he or she was committing an alcohol-related driving offense, and (2) the driver had been driving at a time when his or her blood alcohol concentration was at least .10% by weight. *Peters v. Director of Revenue*, 35 S.W.3d 891, 895 (Mo.App.2001). " 'When the Director makes a prima facie case, the burden then shifts to the driver to rebut the prima facie case by a preponderance of the evidence.' " *Riggin v. Director of Revenue*, 25 S.W.3d 695, 698 (Mo.App.2000) (*quoting Guccione v. Director of Revenue*, 988 S.W.2d 649, 652 (Mo.App.1999)).

■ Probable cause for the initial stop is not required to suspend the license of a motorist who is at least 21 years of age.[3] *Riche v. Director of Revenue*, 987 S.W.2d 331, 336 (Mo. banc 1999). Thus, probable cause to arrest for an alcohol-related offense which supports an administrative license suspension may be developed after the officer stops the motorist, regardless of whether the officer had probable cause for the stop. *Peters*, 35 S.W.3d at 895.

■ We hold that the Director made a prima facie case by showing that Driver ran a stop sign while being pursued by a police officer who saw him run from the scene. Upon Driver's apprehension, he had a strong odor of alcohol about him and slurred speech. Driver admitted to having a couple of drinks and failed three field sobriety tests. In *Riggin*, we held that similar facts "made a prima facie case that Driver was arrested upon probable cause for [committing] an alcohol-related offense." 25 S.W.3d at 698. Finally, the undisputed evidence shows that Driver had been driving with a blood alcohol content of at least .10% by weight. Because Driver failed to meet his burden of rebutting Director's prima facie case, the judgment is not supported by substantial evidence and is against the weight of the evidence.

The judgment is reversed and the cause is remanded with directions to reinstate the suspension of Driver's driving privileges.

SHRUM, P.J., and BARNEY, C.J., concur.

---

**3.** The records in this case show that Driver was 33 years of age at the time of his arrest.