Dixie L. FISCHER, Plaintiff/Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.

No. 20493.

Missouri Court of Appeals, Southern District, Division One.

Sept. 12, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Jane A. Barkley, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Independence, for appellant.

No brief filed by Respondent.

PREWITT, Judge.

Respondent was arrested for driving a motor vehicle while intoxicated, and her driving privileges were suspended by Appellant. Respondent filed a petition for trial *de novo* and following non-jury trial, judgment was entered setting aside the suspension and ordering Appellant to reinstate Respondent's driving privileges. The Director of Revenue appeals, contending that the evidence established that the suspension was proper and there was no basis for the trial court to set it aside.[1]

■ Review is under Rule 73.01. As that rule is interpreted, this Court is to affirm the trial court's determination, unless it is not supported by any substantial evidence, it is against the weight of the evidence, it errone-

ously declares the law, or it erroneously applies the law. *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo.App.1990). Due regard is given the opportunity of the trial court to judge the credibility of witnesses. Rule 73.01(c)(2).

■ The Director of Revenue is authorized by Section 302.505.1, RSMo 1994, to suspend an operator's license if the person is arrested upon probable cause for driving while intoxicated or driving with an excessive blood alcohol concentration, and chemical analysis reveals a blood alcohol concentration exceeding the legal limit. *Fitzgerald v. Director of Revenue*, 922 S.W.2d 478, 480 (Mo. App.1996). *See also Stewart v. Director of Revenue*, 702 S.W.2d 472, 475 (Mo. banc 1986). Probable cause for the arrest and chemical analysis demonstrating a blood alcohol content of .10% or more fully satisfies the requirement of § 302.505.1. *Fitzgerald*, 922 S.W.2d at 480.

■ The test of Respondent's blood alcohol content showed an amount exceeding that required for a suspension of driving privileges. There was no dispute regarding the facts constituting probable cause. Respondent admitted to driving the vehicle and that she had not had anything to drink after she had ceased driving. Two officers testified to facts establishing probable cause to arrest her for driving while intoxicated. These facts occurred after she stopped. However, probable cause to arrest for an alcohol-related traffic violation which supports an administrative license suspension may be developed after a motorist has stopped. *Aron v. Director of Revenue*, 737 S.W.2d 718, 719 (Mo. banc 1987).

■ In *Reinert v. Director of Revenue*, 894 S.W.2d 162, 164 (Mo. banc 1995), as here, the testimony of the arresting officer was unequivocal, and there was no contradictory evidence. In that case, the Supreme Court rejected a contention that the trial judge might not have found the officer's testimony to be credible. "Deference to the trial court's findings is not required when the

---

1. Respondent has not filed a brief in this Court. Although there is no penalty for the failure to file a brief, that leaves this Court to decide the case without the benefit of that party's authorities and contentions. *Fitzgerald v. Director of Revenue*, 922 S.W.2d 478, 479 n. 3 (Mo.App.1996).

evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict." *Justice v. Director of Revenue,* 890 S.W.2d 728, 730 (Mo.App.1995). Under the undisputed evidence, the suspension was correct.

The judgment of the trial court is reversed. The case is remanded to the trial court with directions to enter a judgment reinstating the suspension of Respondent's driving privileges.

BARNEY, P.J., and GARRISON, J., concur.