**Ricky Gerard HAMM, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. 23225.

Missouri Court of Appeals,
Southern District,
Division One.

July 12, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

No appearance for respondent.

KERRY L. MONTGOMERY, Judge.

At 8:30 p.m. on December 30, 1998, Trooper Douglas McDaniel of the Missouri State Highway Patrol stopped a vehicle driven by Ricky Gerard Hamm (Driver) for driving down the center of a county road and forcing the trooper to veer onto the shoulder to avoid a collision. Upon approaching Driver, the trooper (1) smelled intoxicants on Driver's breath, (2) observed that Driver's eyes were bloodshot and watery, and (3) noticed that Driver's speech was slurred. Although Driver first denied drinking, he soon admitted having consumed "four to five" drinks.

The trooper then asked Driver to perform several field sobriety tests. Driver's performance on these tests coupled with the result of the "portable breath test" caused the trooper to believe Driver was intoxicated. Therefore, the trooper arrested Driver for driving while intoxicated (DWI) and transported him to the local sheriff's office. Once there, the trooper administered a "breath test" to Driver, using a "BAC DataMaster" machine. The test result showed that Driver had a blood alcohol concentration of .11 percent.

Pursuant to § 302.505,[1] the Director of Revenue (Director) revoked Driver's operator's license. The revocation was upheld after an administrative review. Subsequently, Driver filed a Petition for Trial De Novo under § 302.535.

After presentation of evidence on Driver's petition, the trial court found that the trooper did not have probable cause to arrest driver for driving while intoxicated or that Driver was driving his vehicle with a "BAC" of .10 percent or greater. Consequently, the trial court set aside Director's revocation of driver's license.

Upon appeal, Director's sole point reads:

The trial court erred in setting aside the Director's revocation of Hamm's driving privilege because its decision was a misapplication of law and against the weight of the evidence in that the

1. Statutory references are to RSMo Cum. Supp.1999.

Director proved that: 1) the trooper had probable cause to arrest Hamm for DWI; 2) Hamm's blood alcohol content was at least .10%; and, 3) Hamm failed to present any evidence showing his blood alcohol content was below .10% when he was driving.

Our review of this case is governed by the principles established in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We must affirm the judgment of the trial court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32; *Gordon v. Director of Revenue*, 896 S.W.2d 737, 739 (Mo.App.1995).

Under § 302.505.1, Director makes a prima facie case for the revocation of a person's license by establishing by a preponderance of the evidence that there was probable cause (1) to arrest the driver for DWI, and (2) to believe that, at the time of the arrest, the driver's blood alcohol content was at least ten-hundredths of one percent or more by weight. *Smith v. Director of Revenue*, 13 S.W.3d 700, 705 (Mo.App.2000). "Once Director has established a prima facie case, the burden shifts to the driver to present evidence to rebut the prima facie case by a preponderance of the evidence." *Hurley v. Director of Revenue*, 982 S.W.2d 694, 696 (Mo.App.1998).

We first address whether Director met his burden to show that there was probable cause to arrest Driver for DWI. Section 302.505.1 does not require that Director demonstrate the arresting officer had probable cause to believe Driver was committing an alcohol-related driving offense prior to the initial stop. *Brandom v. Director of Revenue*, 931 S.W.2d 510, 511 (Mo.App.1996). "[P]robable cause to arrest for an alcohol-related traffic violation which supports an administrative license suspension may be developed after a motorist has stopped." *Fischer v. Director of Revenue*, 928 S.W.2d 424, 425 (Mo.App.1996). "The alleged illegality of or lack of probable cause for the stop does not affect the admissibility of observations stemming from that stop in a civil revocation proceeding." *Gordon v. Director of Revenue*, 896 S.W.2d at 740. Section 302.505.1 focuses on the grounds for the DWI arrest, and not on the grounds for the stop. *Koons v. Director of Revenue*, 931 S.W.2d 210, 212 (Mo.App.1996). "Probable cause exists when the facts and circumstances would warrant a person of reasonable caution to believe that an offense has been or is being committed." *Kramer v. Director of Revenue*, 924 S.W.2d 308, 310 (Mo.App.1996). Whether probable cause exists to arrest a driver must be determined "'in relation to the circumstances as they would have appeared to a prudent, cautious, and trained police officer.'" *Id.* (quoting *Chinnery v. Director of Revenue*, 885 S.W.2d 50, 51 (Mo.App.1994)).

Here, the trooper observed Driver as he drove down the center of the road forcing the trooper to leave the roadway to avoid a collision. After stopping Driver, the trooper smelled intoxicants on his breath, observed that his eyes were bloodshot and watery, and noticed that he slurred his speech. Subsequently, Driver admitted having several drinks. Driver failed several field sobriety tests and the portable breath test. This evidence was sufficient, for administrative license suspension purposes, to provide the trooper with probable cause to arrest Driver for DWI. The trial court misapplied the law in holding to the contrary.

As to the breath test results, the trooper testified without objection that Driver's blood alcohol content was .11 percent. However, the trial court held that Director did not prove Driver's blood alcohol content was at least .10 percent apparently

due to the testimony of Driver's expert witness, Dr. Terry Martinez. Having a doctorate in pharmacology, Dr. Martinez testified the breath test reading of .11 percent was not reliable. The witness testified "that it most probably is less than that because of the—mainly because of the effects of organic solvents." This witness based his opinion on Driver's testimony that prior to leaving work on the day of his arrest, he was in an office where a workman was varnishing shelves. Driver claimed the room had no ventilation and the odor was "real strong."

Dr. Martinez testified that varnish contains polyurethane. He explained how that chemical could have affected the test result. However, this witness never testified that Driver's blood alcohol content was less than .10 percent at the time of the stop. On cross-examination, Dr. Martinez even admitted that Driver's BAC could have been .127 percent.

The expert witness testimony in this case is similar to the testimony of a forensic chemist in *Rhodes v. Director of Revenue*, 994 S.W.2d 597 (Mo.App.1999). There, the chemist testified "with a reasonable degree of ... scientific certainty" that his "estimation" was that the driver would have had a BAC of less than .10 percent when stopped. *Id.* at 599. This Court noted that the chemist qualified his answer by characterizing it as a "estimation." *Id.* at 601. Furthermore, we also noted that the chemist admitted the driver's blood alcohol concentration at the time he was stopped could have been .10 percent or more. *Id.* at 600. Therefore, we held as a matter of law that the evidence was insufficient even when viewed most favorably towards the driver to rebut Director's prima facie case. *Id.* at 601–02.

Here, like the expert in *Rhodes*, Dr. Martinez admitted that Driver's blood alcohol concentration at the time he was stopped could have been higher than .10 percent. He also qualified his opinion by stating that Driver's BAC was "probably" less than .11 percent.

Based on *Rhodes*, we hold as a matter of law that the evidence in this case, even viewed most favorably towards Driver, is insufficient to rebut Director's prima facie case on the second element, i.e., the alcohol concentration in Driver's blood was ten-hundredths of one percent or more by weight at the time he was driving.

The judgment is reversed, and the case is remanded to the trial court with a directive to enter judgment affirming Director's revocation of Driver's motor vehicle operator's license.

PARRISH, P.J., and SHRUM, J., concur.