**Larry D. SMITH, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 23888.

Missouri Court of Appeals,
Southern District,
Division One.

July 23, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael W. Blum, Asst. Atty. Gen., Jefferson City, for Appellant.

No appearance for Respondent.

BARNEY, Chief Judge.

The Director of Revenue ("Director") appeals from the judgment of the Circuit Court of Greene County, which reinstated the driving privileges of Larry D. Smith ("Mr.Smith"). Mr. Smith's driving privileges were suspended by Director, pursuant to section 302.505, after he was arrested for leaving the scene of an accident and driving while intoxicated.[1] The suspension was upheld following an administrative hearing. *See* § 302.530. Mr. Smith filed a petition for a *trial de novo*, pursuant to section 302.535, requesting a hearing in circuit court. Following a hearing, the circuit court ordered Director to reinstate Mr. Smith's driving privileges. In its judgment, the circuit court found that Director "failed to meet its burden to establish [Mr. Smith] was the driver and that he was arrested for probable cause and that he refused to submit to the chemical test." Director raises one point of error, discussed below.[2]

---

1. Statutory references are to RSMo 2000, unless otherwise set out.

2. Mr. Smith did not file a brief in response to Director's appeal with this Court. The failure to file a brief places an imposition on this Court and leaves us to rely on Director's argument and our own research and review of the case. *Sullivan v. Masters Jackson Paving Co.*, 35 S.W.3d 879, 887–88 (Mo.App. 2001). However, as there is no penalty imposed by statute or rule for such failure, we

The judgment of the circuit court is reviewed pursuant to the principles set forth in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976); *Riggin v. Director of Revenue,* 25 S.W.3d 695, 697 (Mo.App. 2000). "We must affirm the trial court's judgment if it has substantial evidentiary support, it is not against the weight of the evidence, and does not erroneously declare or apply the law." *Id.* In reviewing the trial court's decision, we view the evidence in a light most favorable to the verdict, and should affirm if the judgment is correct under any reasonable theory supported by the evidence. *Holt v. Director of Revenue,* 3 S.W.3d 427, 429 (Mo.App. 1999); *Callahan v. Director of Revenue,* 878 S.W.2d 826, 827 (Mo.App.1993).

Review of the record shows that on June 4, 1999, Officer Steve Lowe ("Officer Lowe") of the Springfield Police Department was on duty and was called to respond to a reported hit and run accident. Upon arriving at the scene at approximately 11:30 p.m., Officer Lowe spoke with the victim and another witness. Acting upon the information he had received, Officer Lowe proceeded across the street from the accident to the "Wishing Well Motel," where he spotted a vehicle matching the description he had been provided. After checking with an employee of the motel, Officer Lowe went to the room of the suspected driver of the vehicle and knocked on the door. No one answered the door and after a few minutes another motel employee offered to open the motel room door for Officer Lowe. The door was opened and at approximately 12:20 a.m., June 5, 1999, and Officer Lowe observed Mr. Smith lying asleep on a bed. Officer Lowe observed no alcohol containers in the motel room. Eventually, Officer Lowe was able to wake Mr. Smith and apprised him of his *Miranda* rights.[3]

In talking with Mr. Smith, Officer Lowe learned that he had been drinking at the "Brother's Bar." At that time, Officer Lowe asked Mr. Smith whether he had been driving that evening and he replied that he had not. Officer Lowe then directed another officer to bring the victim and the eye witness of the accident to the motel. When they arrived, Officer Lowe received confirmation that Mr. Smith had, indeed, been the driver of the vehicle at the time of the accident. Officer Lowe arrested Mr. Smith for leaving the scene of an accident.

Officer Lowe transported Mr. Smith to the police station. Officer Lowe noticed that Mr. Smith had difficulty in keeping his balance while walking and his eyes were red and his speech was slurred. These facts prompted Officer Lowe to perform field sobriety tests on Mr. Smith. Officer Lowe tested Mr. Smith with the walk-and-turn test, one-leg stand, and horizontal gaze nystagmus test. He failed all three. At that point, Officer Lowe again gave Mr. Smith his *Miranda* rights and asked further questions of him. When Officer Lowe asked Mr. Smith what he had been doing for the past three hours, "[h]is response was, drinking at Brother's Bar, and then driving to the Wishing Well Motel." Officer Lowe continued to question Mr. Smith and ascertained that he had drunk 12 or 13 beers, but had not consumed any alcohol after the accident. Officer Lowe then arrested Mr. Smith for driving while intoxicated. Officer Lowe asked Mr. Smith to consent to take a breathalyzer test and he complied. Results of the breathalyzer test indicated that

will proceed with the case on its merits. *Id.* at 888.

3. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Mr. Smith's blood alcohol level was .359 percent by weight.

Officer Lowe was the Director's sole witness at the *trial de novo* hearing. He related the facts as set forth above. Mr. Smith did not present any evidence at the hearing.

On appeal, Director maintains that the trial court erred in setting aside the revocation of Mr. Smith's license because Director made a prima facie case that Officer Lowe had probable cause to believe that Mr. Smith was driving while intoxicated and his blood alcohol level was at least ten hundredths of one percent by weight—a fact which Mr. Smith did not rebut. *See* § 302.505.

■ To make a prima facie case for revoking a driver's license, Director must show by a preponderance of the evidence that the driver: (1) was arrested upon probable cause for committing an alcohol-related offense; and (2) had been driving with a blood alcohol content of .10% by weight or more. *Hamm v. Director of Revenue*, 20 S.W.3d 924, 926 (Mo.App. 2000). Once a prima facie case has been established by Director, the driver then has the burden of presenting evidence to rebut Director's prima facie case by a preponderance of the evidence. *Id.*

We first address Director's argument that the evidence presented revealed that Officer Lowe did have probable cause to believe that Mr. Smith was driving while intoxicated.

■ Probable cause to arrest a driver for an alcohol-related traffic violation, supporting an administrative license suspension, may be developed by a law enforcement officer after the driver has been stopped. *Id.; Fischer v. Director of Revenue*, 928 S.W.2d 424, 425 (Mo.App.1996). " 'Probable cause exists when the facts and circumstances would warrant a person of

reasonable caution to believe that an offense has been or is being committed.' " *Hamm,* 20 S.W.3d at 926 (quoting *Kramer v. Director of Revenue,* 924 S.W.2d 308, 310 (Mo.App.1996)). An officer is not required to actually observe a person driving to establish probable cause to arrest that person for driving while intoxicated. *McDaniel v. Lohman,* 989 S.W.2d 688, 692 (Mo.App.1999).

■ Here, Officer Lowe received information in the course of investigating an accident which led him to believe that Mr. Smith was the driver of the vehicle involved in the accident. Within minutes after the accident, Officer Lowe brought the victim and the eye witness of the accident to the motel. The eye witness identified Mr. Smith as the driver of the vehicle at the time of the accident. After arresting Mr. Smith for leaving the scene of an accident, Officer Lowe observed Mr. Smith and began to notice signs of intoxication. Mr. Smith failed several field sobriety tests. Upon further questioning, Mr. Smith admitted that he had been drinking at a bar and then driving to the motel where Officer Lowe located him. At this point, Officer Lowe arrested Mr. Smith for driving while intoxicated. This evidence was sufficient to provide Officer Lowe with the predicate probable cause to arrest Mr. Smith for driving while intoxicated for administrative license suspension purposes. *See Hamm,* 20 S.W.3d at 926. In holding to the contrary, the trial court misapplied the law. *Id.* at 927.

■ In its judgment, the circuit court also found that Director failed to establish that Mr. Smith "refused to submit to the chemical test." However, review of the record does not reveal any evidence to support the circuit court's finding in this regard. The issue was never tried before the circuit court. Indeed, Officer Lowe

testified, without objection or refutation, that Mr. Smith consented to the breathalyzer test which showed his blood alcohol content at .359 percent by weight.

" 'Deference to the trial court's findings is not required when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict." ' *McDaniel,* 989 S.W.2d at 692 (quoting *Fischer,* 928 S.W.2d at 425–26). We determine that the circuit court erred as a matter of law in finding that Director failed to prove its case against Mr. Smith. The circuit court's judgment is not supported by the evidence and is against the weight of the evidence. *See id.*

The judgment of the trial court is reversed. The cause is remanded to the circuit court with directions to enter a judgment reinstating the suspension of Mr. Smith's driving privileges.

SHRUM, P.J. and MONTGOMERY, J., concur.