**Brady Allen SMYTH, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 24229.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 31, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for Appellant.

Dennis P. Wilson, Parsons and Wilson, P.C., Dexter, for Respondent.

Before SHRUM, P.J., MONTGOMERY, J., and BARNEY, C.J.

PER CURIAM.

The Director of Revenue ("Director") appeals from the judgment of the Circuit Court of Stoddard County, which reinstated the driving privileges of Brady Allen Smyth ("Mr. Smyth"). Mr. Smyth's driving privileges were suspended by Director pursuant to section 302.505, after he was arrested for driving while intoxicated.[1] The suspension was upheld following an administrative hearing. *See* § 302.530. Mr. Smith filed a petition for a *trial de novo*, pursuant to section 302.535, requesting a hearing in circuit court. Following a hearing, the trial court ordered Director to reinstate Mr. Smyth's driving privileges. In its judgment, the trial court found that Director failed to meet its burden of proof and made specific reference to the lengthy interval between Mr. Smyth's arrest and his submission to a breath test which was left unexplained by Director's evidence. Director raises one point of error, discussed below.

■ Review of the trial court's judgment is pursuant to the principles set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), which applies to review of a *trial de novo* proceeding as set out in section 302.535. *Peters v. Director of Revenue*, 35 S.W.3d 891, 894 (Mo.App.2001). "Thus, this court will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law." *Id.* In reviewing the trial court's decision, we view the evidence in a light most favorable to the verdict, and should affirm if the judgment is correct under any reasonable theory supported by the evidence. *Holt v. Director of Revenue*, 3 S.W.3d 427, 429 (Mo.App.1999); *Callahan v. Director of Revenue*, 878 S.W.2d 826, 827 (Mo.App.1993).

The record indicates that on March 8, 2000, at approximately 8:45 p.m., Mark Reed, ("Agent Reed") an agent with the Missouri Department of Conservation, was on routine patrol in rural Stoddard County when he observed a pickup spinning its tires and throwing gravel on parked vehicles. Agent Reed stopped the pickup and made contact with, the driver, Mr. Smyth.

---

1. Statutory references are to RSMo 2000, unless otherwise set out.

In speaking with Mr. Smyth, Agent Reed noticed that his speech was slurred, his eyes were glassy, and he swayed. When asked if he'd had anything to drink that evening, Mr. Smyth responded that he had consumed three beers in the last hour and fifteen minutes. After performing the horizontal gaze nystagmus, a field sobriety test, Agent Reed concluded that Mr. Smyth was possibly intoxicated and requested a trooper of the Missouri Highway Patrol to respond to the scene. A trooper was not immediately available, but Deputy Carl Hefner with the Stoddard County Sheriff's Office arrived to assist Agent Reed.

Shortly after Deputy Hefner's arrival, Agent Reed placed Mr. Smyth under arrest for driving while intoxicated. Per Agent Reed's request, Deputy Hefner transported Mr. Smyth to the Stoddard County Sheriff's Department. Agent Reed conducted a search of Mr. Smyth's vehicle and transported a passenger of the vehicle to Dexter, Missouri, before proceeding to the sheriff's department, arriving a few minutes after Deputy Hefner and Mr. Smyth. By this time, Trooper Derek Carnagey ("Trooper Carnagey") had arrived and informed Mr. Smyth of the implied consent law. Mr. Smyth was afforded 25 minutes to contact an attorney. At approximately 10:13 p.m., Mr. Smyth submitted to a breathalyzer test which indicated his blood alcohol content to be .137 percent by weight.

Agent Reed and Trooper Carnagey were called to testify by Director at the *trial de novo* hearing and they related the facts as set forth. Deputy Hefner was subpoenaed, but did not appear at the hearing. Evidence concerning his involvement was not presented. Mr. Smyth did not present any evidence. Following the hearing, the trial court found that Director did not meet its burden of proof and ordered Director to reinstate Mr. Smyth's driving privileges.

█ On appeal, Director argues that the trial court erred in setting aside the revocation of Mr. Smyth because Director established a prima facie case of Mr. Smyth's intoxication which was not rebutted. *See* § 302.505.

█ When reviewing a revocation or suspension of a license under section 302.505, the trial court must ascertain the following: (1) whether probable cause existed to arrest the driver for violating an alcohol-related offense; and (2) whether the blood alcohol content of the driver exceeded .10 percent weight by volume. *Riggin v. Director of Revenue,* 25 S.W.3d 695, 697–98 (Mo.App.2000); *McDaniel v. Lohman,* 989 S.W.2d 688, 689 (Mo.App. 1999). " 'When the Director makes a prima facie case, the burden then shifts to the driver to rebut the prima facie case by a preponderance of the evidence.' " *Riggin,* 25 S.W.3d at 698 (quoting *Guccione v. Director of Revenue,* 988 S.W.2d 649, 652 (Mo.App.1999)). "Thus, in deciding this appeal, we must first determine whether the evidence was sufficient for the Director to have made a *prima facie* case for suspension; and, if it was, whether [Mr. Smyth] rebutted the same." *Testerman v. Director of Revenue,* 31 S.W.3d 473, 476 (Mo.App.2000).

█ Looking to the issue of whether probable cause existed to arrest Mr. Smyth, we observe that for purposes of section 302.505 probable cause exists when the surrounding facts and circumstances demonstrate to the senses of a reasonably prudent person that a particular offense has been or is being committed. *Id.* "The quantum of proof required to show reasonable grounds is substantially less than that required to establish guilt beyond a reasonable doubt; the court must evaluate the

situation from the vantage point of a cautious, trained and prudent police officer at the time of arrest." *Calicotte v. Director of Revenue*, 20 S.W.3d 588, 592 (Mo.App. 2000).

At the suspension hearing, Mr. Smyth did not dispute the testimony of Agent Reed, who presented sufficient testimony to establish probable cause for the arrest. Agent Reed testified that he observed Mr. Smyth operate his vehicle in an erratic manner. He testified that when he spoke with Mr. Smyth he noticed that Mr. Smyth's speech was slurred, his eyes were glassy, and he swayed. He testified that Mr. Smyth admitted that he had consumed alcohol that evening. Mr. Smyth also failed a field sobriety test. The testimony of Agent Reed was sufficient to establish probable cause for the arrest of Mr. Smyth for driving while intoxicated, thus satisfying the first prong of Director's prima facie case. *See Testerman*, 31 S.W.3d at 476.

Turning to the second element of the case, we note that Director must present sufficient evidence to establish that Mr. Smyth was operating the vehicle at a time when his blood alcohol content exceeded .10 percent by weight. At trial, Director presented uncontroverted evidence that Mr. Smyth consented to the breathalyzer test when requested, and that results of the test indicated Mr. Smyth's blood alcohol content to be .137 percent by weight. Trooper Carnagey also testified that he and Agent Reed observed Mr. Smyth for the required fifteen minutes prior to the test and that all procedures involving the breathalyzer test were properly followed. *See id.* at 480; 19 CSR 25–30.060(3), (7) and MDH Form # 7. Based on the evidence presented, Director satisfied the second requirement of its prima facie case against Mr. Smyth regarding his blood alcohol concentration. *See Peters*, 35 S.W.3d at 895.

■ Having demonstrated that Director established a prima facie case, we also note that Mr. Smyth did not rebut Director's case. Mr. Smyth presented no witnesses or evidence at trial following submission of Director's case. While Mr. Smyth did cross-examine Trooper Carnagey briefly, he did not elicit any evidence to rebut Director's case. Mr. Smyth made no closing argument to suggest that Director's case was deficient. In review of the record, Mr. Smyth did little, if anything at all, to challenge Director's case.

As to the judgment of the trial court finding that Director failed to meet its burden of proof, the trial court set out, in pertinent part:

> There is no evidence in the record as to where [Mr.] Smyth and [Deputy] Hefner went or what they did between the time they left ... and the time they arrived at the Sheriff's Office, and the Court cannot assume or presume that nothing occurred which would have affected the subsequent breath test on [Mr. Smyth] during that period of time.... The Court is unwilling to speculate about what may or may not have occurred during the substantial period of time between the arrest and the breath test. There is no evidence in the record from which the Court can make any finding as to what occurred during that period of time. It is [Director's] burden to offer evidence sufficient to allow this Court to make findings on all issues presented in a trial de novo such as this. [Director] has failed to meet that burden.

■ Apparently, the trial court takes issue with the fact that Director failed to call Deputy Hefner to testify as to what happened from the time he took Mr. Smyth into his custody to transport to the sheriff's department until he arrived at the

sheriff's department and Agent Reed and Trooper Carnagey appeared to process Mr. Smyth. However, there is no evidence in the record to indicate that any impropriety occurred during this interval. Mr. Smyth did not present any evidence to infer that he had consumed alcohol or placed anything in his mouth during that particular period of time that affected the outcome of the breathalyzer test. As previously set out, Mr. Smyth was observed by both Agent Reed and Trooper Carnagey for the required fifteen minutes and testified that Mr. Smyth did not smoke, place anything in his mouth, or vomit during that time. "The purpose of the rule requiring fifteen-minute observation period prior to a breathalyzer test is to assure that the party being tested has not smoked, placed anything in his mouth, or vomited; and when the record shows this occurred, the purpose of the rule is fulfilled." *Holley v. Lohman,* 977 S.W.2d 310, 312 (Mo.App.1998).

■ " 'Deference to the trial court's findings is not required when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict.' " *McDaniel,* 989 S.W.2d at 692 (quoting *Fischer v. Director of Revenue,* 928 S.W.2d 424, 425–26 (Mo.App.1996)). The evidence presented at trial established that Mr. Smyth was arrested for driving while intoxicated based upon probable cause and that at that time his blood alcohol content exceeded .10 percent by weight. *See id.* Under the facts presented in this case, the trial court erred as a matter of law in determining that the Director failed to meet its burden of proof. Its judgment is not supported by the evidence and is against the weight of the evidence. *Id.*

The judgment of the trial court is reversed and the cause is remanded to the trial court with directions to enter a judgment reinstating the suspension of Mr. Smyth's driving privileges.